United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-50993
Summary Calendar

CHARLES AKOMOLAFE ABAYOMI,
also known as Abayomi Charles Akomolafe,
also known as Charles Abayomi Akomolafe,

Plaintiff-Appellant,

versus

CORNELL CORRECTIONS CORP.;
FEDERAL BUREAU OF PRISONS; JOHN
ASHCROFT, U. S. ATTORNEY GENERAL;
UNITED STATES OF AMERICA,

Defendants-
Appellees.

------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-122-PRM
------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Charles Akomolafe Abayomi appeals from the denial of his motion for reconsideration, which challenged the district court's dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous and for failure to state a claim upon which relief may be granted. Regardless of whether Abayomi's motion for reconsideration is construed as a Rule 59(e) or a Rule 60(b) motion, the denial is reviewed for an abuse of discretion. See Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994)(Rule 60(b) motion); Midland West Corp. v. FDIC, 911 F.2d 1141, 1145 (5th Cir. 1990)(Rule 59(e) motion).

Abayomi, who is of Nigerian descent, alleged in his lawsuit that defendants Cornell Corrections Corporation ("Cornell"), Facility Director Anthony Medellin, and City of Big Springs ("Big Springs") were liable for failing to prevent an attack upon Abayomi by a Mexican gang of inmates who committed similar attacks against other non-Mexican inmates. The district court dismissed Abayomi's claims against Cornell on the ground that Cornell was an "instrumentality of the state" and was therefore protected by Eleventh Amendment immunity. Abayomi argued in his motion for reconsideration that Cornell was not entitled to Eleventh Amendment immunity because it was a private entity.

Examination of the district court's dismissal, as well as its denial of Abayomi's motion for reconsideration challenging this specific holding, indicates that the district court relied upon an erroneous basis for this holding. Because the application of the Eleventh Amendment to a private operator of a state prison has not been determined by this court, the issue does not warrant a dismissal on this ground as frivolous or for failure to state a claim upon which relief may be granted. The applicability of Eleventh Amendment immunity to Cornell requires a multi-factor, fact-intensive

test that the district court is in the best position to conduct. See Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 281 (5th Cir. 2002).

Without deciding whether Cornell is entitled to Eleventh Amendment immunity, we hold that the district court's denial of Abayomi's motion for reconsideration was an abuse of discretion and must be REVERSED. We REMAND this case to the district court for further consideration of Abayomi's claims against Cornell.

REVERSED; REMANDED.